DaNiel, Judge,
after stating the case as above, proceeded as follows: If the receipt, which the plaintiff gave for the purchase money of the slaves had been without seal, it might have been explained by parol; as a receipt is not conclusive evidence of payment, 2 Term Rep. 366, 5 B. & Ald. 611, 3 B. & C. 421, 3 B. & Adol. 313. In that case the plaintiff might have recovered upon the original consideration, as a balance of the price of the slaves: the counterfeit bill being a nullity, could not be considered a payment, although both of -the parties were ignorant at the time that the bill was a coun *214 terfeit, Hargrave vs. Dusenberry,2 Hawks 326. Markle vs. Hatfield, 2 John. Rep. 445. But as the plaintiff affixed his seal to the acquittance, that circumstance gave it the ef~ ^ect a release> which the defendant has plead in bar of all demands arising upon the original transaction, and it estops the plaintiff to contradict or explain it by parol evidence, Brocket vs. Foscue, 1 Hawks 64—Gilbert’s Law of Ev. 142—Rountree vs. Jacobs, 2 Taun. 154—Sampson vs. Cork, 5 B. & A. 506. But the plaintiff has relied on a promise by the defendant subsequent to the date of the release. The defendant contends, however, that if such a promise was it was without consideration, and that no action lay upon it, and that therefore the Court erred in submitting it ^e jury. The plaintiff says that as the bill was bad, he a rftmedy either at law upon the promise made by de-J x fendant to make the bill good, Baker vs. Deavey, 8 Eng. Com. Law Rep. 193, or he had a remedy in equity to set a-the release, as having been given under a mistake so far as relates to this demand; and that he had, at the special in-1 stance and request of the defendant, forborne to take judicial proceedings to obtain his rights until the time expired, and that that forbearance is a good consideration. It seems to us that such a consideration is sufficient to uphold a promise; and that the plaintiff, notwithstanding the release, had a rem. edy in some Court. An action will lie upon a promise to pay a sum of money in consideration of giving time, or forbearing to sue for a precedent debt, or other cause of action. Com. Dig. B. 1. (action of assumpsit,) 2 Com. on Cont. 420. Secondly: The defendant contends, that if the consideration forbearance be, in this case, deemed sufficient in law to uphold a promise, still there was no evidence of any promise made by him, to have been left by the Judge to the jury; and the Judge should have nonsuited the plaintiff. The answer given by the defendant to the plaintiff’s agent, when he demanded payment, was, in our opinion, such evidence as Judge was bound to leave to the jury for them to determine whether a promise had or had not been made. Strike the word “ compromise” in the agent’s testimony, and balance of his evidence is very strong to shew that the de *215 fend ant, did promise to pay the money. That word remaining, leaves it doubtful, and the jury were the proper persons to determine the fact.
in courier-notests'a nullity, the partyre-ceiving price of mayS ¡fld> there be acquittance, recore/up-to on the ginal eonsi-deration, ai-parties were !he°tíme that the notes were
*215 To prevent misapprehension, we desire to be understood as expressing no opinion whether the plaintiff might not have recovered, independently of the special contract for forbearance, upon the promise to be inferred from the transaction, and actually made when the release was executed, to make the notes good, should they turn out to be counterfeit; and we are clearly of opinion, that of an action founded on such a promise, a justice had jurisdiction. It is a promise to pay money, if what has been received as a bank note, be not what it purports, and not a guaranty'of the solvency or punctuality of the makers of the note. The judgment is affirmed.
Per. Curiam. Judgment affirmed.