Ruffin, C. J.
 

 The pleadings raise several questions; but there seems to be no difficulty in either of them.
 

 That, which is of most consequence to the parties, respects the disposition of the six slaves to Mrs Watson. It is a gift to her for life, and then •' to her bodily heirs.” That has been so often and so recently decided to pass the whole property to the first taker, as to leave, now, no question at all upon it. In
 
 Allen
 
 v.
 
 Pass,
 
 4 Dev. & Bat. 77, there was enough in the will to enable the Court to see that the testator meant “heirs of the body,” for “ children,” and we gladly availed oui’selves of that circumstance, to uphold the disposition and intention of the testator. But there is nothing in the context here, to control the technical meaning of the term, “bodily heirs;” and therefore, we are obliged to receive them in that sense, as meaning that class of persons, who, by law, take property by inheritance or succession from another. Thus understood, they are not words of purchase, but of limitation, in dispositions of this kind, as well as in conveyances of land. The authorities were all consulted in the case of
 
 Ham
 
 v.
 
 Ham, 1
 
 Dev. & Bat. Eq. 598 ; and, in
 
 Floyd
 
 v.
 
 Thompson,
 
 4 Dev. & Bat. 478, the doctrine was re-affirmed, and the reasons given, why the Courts cannot receive such words in any other sense. There have been several other cases to the same effect, and one of them as late as the last term, that of
 
 Coon
 
 v.
 
 Rice,
 
 7 Ired. 217. It must, therefore, be declared, that these slaves belong to the plaintiff Watson, as administrator of his late wife, and not to their son.
 

 
 *10
 
 The next question respects the sum of $300, left in the hands of the executors, for Mrs. Watson. The executors contend, that it was not an absolute gift to her, but was intended for her personal comfort, if requisite for that purpose, in the opinion of the executors, and that, as she lived but a few days longer than her father, and had no need of any of the money, it sunk into the residuum. But we all think, that the condition annexed to this gift is, that it must be raised without interfering with any other disposition in the will. It is admitted, that may be done, as there is a considerable residue undisposed of, after answering all other purposes. This, then, becomes a gift at all events. The testator intended, perhaps, to entrust the executors with a vague sort of discretion, as to the time of payment, but not with the discretion of withholding the payment altogether. The daughter had an absolute right to demand the whole sum, at some time; and therefore it is a vested, and transmissible legacy, and belongs to the administrator.
 

 The plaintiff, Donnell, claims that the small legacy of $25 to his father did not lapse by the death of the father, but survived to him, by the Act of 1816, and the answer of the executors yields, that the claim is well founded. But that is a mistake ; though being in the matter of law merely, it will not hurt. The act has within its purview a testamentary gift to a child only.
 
 Rev. St. c.
 
 122, s. 15. Neither its words nor spirit take in a son-in-Jaw, or daughter-in-law. The reason, why the estate, given to a child, shall, upon the death of the donee in the life of the testator, go to the issue of such child, is, that the issue of the child, is necessarily the issue of the testator, and the Legislature presumed an intention, or, rather, a wish of the testator, that the issue should stand in the place of the original donee, rather than the gift should fail altogether, and that branch of the testator’s family be without a provision. But that cannot apply to a gift to a son-in-law; since
 
 that
 
 would let in issue by another
 
 *11
 
 marriage, strangers to the testator, to whom it cannot be supposed he would intend a bounty. This sum, therefore, is part of the residue.
 

 Finally, the plaintiffs contend, that, in the division of the residue of the personal estate, the gifts in the testator’s life, and by his will, of realty and personalty must be brought in. But the contrary is most firmly settled as law. There is no hotch-pot upon a partial intestacy. The case of
 
 Norwood
 
 v.
 
 Branch, 2
 
 N. C. Rep. 598, went only the length of saying, that upon the particular language in our statutes, there was a distinction between advancements of realty and personalty, and that devises of land must be brought into the division of the undisposed of land. But with respect to a personal residue, it has been always held, that it is to be divided equally amongst the next of kin, without regard to gifts, either in the life time of the testator, or by his will; and, indeed, it has been recently held, that the law is the same as to land not disposed of by the will.
 
 Cowper
 
 v.
 
 Scott,
 
 Pr. Wm. 119.
 
 Edwards
 
 v.
 
 Freeman, 2
 
 Pr. Wms. 440.
 
 Watson
 
 v.
 
 Watson,
 
 14 Ves. 318.
 
 Johnston
 
 v.
 
 Johnston,
 
 4 Ired. Eq.9.
 

 Per Curiam.
 

 Decreed accordingly