## MARGARET ROBINSON *vs.* DANIEL GOULD.

It is no defence to a promissory note made by A. to B. that it was given to release C. from an unlawful arrest.

An agreement by a creditor to forbear prosecuting his claim and an actual for- bearance, is a good consideration for a note from a third person to the creditor.

ASSUMPSIT upon a promissory note, dated August 24th, 1851, payable to the plaintiff on demand. The main ground of defence was duress and a want of consideration. At the trial in the court of common pleas, before *Wells*, C. J. the de- fendant offered evidence tending to prove that the present plain- tiff having a note against one Greenough, a writ against him was given to a constable, who went to Greenough's house to get security, or to arrest him, and that the note in suit was given to release said Greenough from arrest until the follow- ing Tuesday. There was also some evidence tending to show that said note was given as collateral security that said Green-

ough should pay the plaintiff the amount of his claim, on or before the following Tuesday, and that the proceedings for collecting the same should be suspended until that time, but that said Greenough had not paid said indebtedness. It was admitted that the constable had no legal right to serve said writ against Greenough, and the defendant requested the presiding judge to rule that if said constable having no legal right to serve said writ, imprisoned said Greenough, and threatened to and was about to arrest him, and thereby the defendant was led to give this note, it would be void; and that if said constable did not disclose to the defendant what he knew touching said note first sued on, or misled the defendant, to think he was becoming bail merely, this note would be void. The judge declined so to instruct the jury, but instructed them that the note was *primâ facie* evidence of a debt to the amount specified in the same, and that the burden of proof was on the defendant to impeach it: that it was for the jury to decide, in view of all the evidence, as to the agreement made by the parties, to carry out which the note in suit was given: that if the agreement was, that in consideration of giving the note, the constable should forbear to arrest the said Greenough, or should release him if arrested, or if the note was agreed to be taken as a substitute for a bail bond, in either of these cases as the constable was not authorized to serve the writ, the note would be void; but if the note was given as collateral security that the said Greenough should pay the first note by the next Tuesday, and that the plaintiff should give credit and forbear asking or attempting to enforce payment on the first-mentioned note until the said Tuesday, and the plaintiff did give said credit until said time, and the said Greenough omitted to make payment on that day, then the said note was valid to the extent of the amount of the first-mentioned note, and interest, and that it would not invalidate the note to prove that the same was given in consequence of a threat to arrest the said Greenough, if the first-mentioned note was not secured, or by actually arresting him on said writ, if the plaintiff's agent and the constable supposed the arrest was legal.

The jury were requested to find specially whether any arrest was made, and they found there was not. The verdict was for the plaintiff for the amount of the first note and interest, and the defendant filed his exceptions.

*C. M. Ellis,* for the defendant. 1. The ruling that it would not invalidate the note to prove that it was given in consequence of a threat to arrest was erroneous. It would be void as obtained, *colore officii,* by duress and deceit. *Churchhill* v. *Perkins,* 5 Mass. 541 ; *Evans* v. *Huey,* 1 Bay, 13 ; *Foshay* v. *Ferguson,* 5 Hill, 158 ; *Dana* v. *Kemble,* 17 Pick. 549 ; *Fisher* v. *Shattuck,* 17 Pick. 252 ; *Atkinson* v. *Settree,* Willes, 482 ; *Pole* v. *Harrobin,* 9 East, 417 ; Co. Lit. 253, b ; Termes de la Ley, Tit. Color of Office ; Coke's 2d Inst. 483, & Comments on 29th of Magna Charta ; Bac. Ab. Duress (A.) ; *Bills* v. *Comstock,* 12 Met. 468. 2. The intent with which the arrest, or the threat to arrest, was made, was not material, for the act was illegal. 2 Greenl. Ev. § 622 and cases.

*I. W. Richardson,* for the plaintiff.

BIGELOW, J. The general rule of law is well established, on reasons of justice and sound policy, that contracts, in order to be valid and binding, must be the result of the free assent of the parties. Therefore duress, either of actual imprisonment or *per minas,* constitutes a good defence to an action on a contract in behalf of those from whom contracts have been thus extorted. Duress by menaces, which is deemed sufficient to avoid contracts, includes a threat of imprisonment, inducing a reasonable fear of loss of liberty. 2 Rol. Ab. 124 ; 2 Inst. 482–3 ; Bac. Ab. Duress (A.) ; 20 Amer. Jur. 24 ; Chit. on Cont. 168. It is also well settled that the duress, which will avoid a contract, must be offered to the party who seeks to take advantage of it. This was early adjudged in *Mantel* v. *Gibbs,* 1 Brownlow, 64, where, to an action of debt, brought on an obligation, the defendant pleaded that a stranger was imprisoned until the defendant, as surety for the stranger, made the bond. This was held a bad plea. The same principle is laid down in *Hanscombe* v. *Standing,* Cro. Jac. 187, where it was held that none shall avoid his own bond for the imprisonment or danger of any other than of himself only, and although the bond be

avoidable as to the one, yet it is good as to the other. *Wayne* v. *Sands*, 1 Freeman, 351; Shep. Touch. 62; *Mc Clintick* v. *Cummins*, 3 M'Lean, 158; 20 Amer. Jur. 26.

And certainly this distinction rests on sound principle. He only should be allowed to avoid his contract, upon whom the unlawful restraint or fear has operated. The contract of a surety, if his own free act, and executed without coercion or illegal menace, should be held binding. The duress of his principal cannot affect his free agency or in any way control his action. It may excite his feelings, awaken his generosity, and induce him to act from motives of charity and benevolence towards his neighbor; but these can furnish no valid ground of defence against his contract, which he has entered into freely and without coercion.

The case at bar falls very clearly within this principle. The defendant was put under no restraint; no threats were made to him. His principal may have been coerced to apply to the defendant to be his surety, but there is nothing in the case which tends to show any duress towards the defendant.

There was, too, a valid consideration for the note of the defendant as between him and the plaintiff. The jury have found that the note in suit was in fact given in consideration of an agreement by the plaintiff to forbear and give day of payment to the principal and an actual forbearance by the plaintiff in pursuance of this agreement. This constitutes a sufficient consideration for the note declared on, moving between the plaintiff and the defendant. The case, therefore, is exactly this: a promise by the defendant, upon a valid consideration, freely assented to by him without restraint or coercion of any kind. Upon familiar principles, such a contract is legal and binding. In this view, the instructions given to the jury were sufficiently favorable to the defendant. The facts wholly failed to establish the defence relied upon.

*Exceptions overruled.*