Battle, J.
 

 The residuary clause of the will, as to the construction of which, we are called upon to give an opinion, is expressed in such vague and indistinct terms, that it is difficult to ascertain the purpose which the testator had in view.
 
 *232
 
 The fund is directed to be divided equally between his son Adam and his daughter, Malinda, and then lie says “my will and desire is, that my daughter Malinda’s equal part in this last devise to her bodily heirs, equally to be divided between them,” <fec. Does the testator mean by this that his daughter’s half of the surplus, shall not be enjoyed by her at all, but shall be equally divided between her bodily heirs, or does he intend that she shall have it for life, with remainder to them ? and, if so, will the rule in Shelly’s case apply so as to give her the absolute interest? The language is undoubtedly obscure, but we cannot believe that the testator intended to deprive his daughter of what he calls her “equal part;” if •so, why did he direct an equal division between her and his son Adam, and call one share her part? If he intended it for her “ bodily heirs,” he would have been more likely to have said that the fund should be divided into two equal parts, of which h'is son Adam should have one, and his daughter Malinda’s bodily heirs or children, should have the other. Such language would have been clear and explicit, and would have left no doubt of the testator’s meaning to exclude his daughter, in favor of her children.
 

 Our opinion, then is, that the daughter was intended to take, and does take, one half of the surplus mentioned in the residuary clause of the testator’s will. The question, then arises, whether she tabes it absolutely, under the operation of the rule in Shelley’s case, or only for life, with remainder to her chil-' dren; and, upon that question, the latter is, we think, the proper one. The provision that the fund is to go to the daughter’s “ bodily heirs
 
 equally to T>e divided between
 
 them,” prevents the application of the rule in Shelley’s case, as is now well settled by authority. See
 
 Swain
 
 v.
 
 Roscoe,
 
 3 Ired. Rep. 200, in which the previous case of
 
 Bradley
 
 v. Jones, 2 Ired. Eq. 245, is referred to and overruled. See also,
 
 Jacobs
 
 v. Amyatt, 4 Bro. Ch. Cas. 542, and 2 Rop. on Leg. 354-355.
 

 A decree may be drawn, in which it will be declared that the defendant, James A. Coble, and his wife, Malinda, will be entitled to one half of the surplus of the money mentioned in
 
 *233
 
 the residuary clause of the testator’s will, during the life of the said Malinda, and after her death, the same must be equally divided between all the children which she now has, or may ¡hereafter have.
 

 Per Gotham, Decree accordingly.