STANDARD SUPPLY COMPANY v. FINCH & PERSON.

(Filed 16 March, 1908).

1. Contracts—Guarantor of Payment—How Established.
   The obligation of one as guarantor of payment must be evidenced and established by written agreement or some written note or memorandum signed by him or some person duly authorized to sign for him. (Revisal, sec. 974).

2. Contracts—Future Account.
   Letters from an alleged guarantor are insufficient to establish a continuing guaranty of payment which declined payment of a future account, the alleged guarantor therein stating his rule to be that he only paid out such amounts as the debtor had placed sufficient funds to his credit in the bank to meet.

3. Contracts—Antecedent Account—Consideration.
   A written promise by one to pay the debt of others, that "he would pay their bill as soon as the dry kiln gets in operation," refers to an account stated and antecedent, and such is not enforcible for the lack of a valuable consideration.

CIVIL ACTION, tried before *Biggs, J.,* and a jury, at December Term, 1907, of the Superior Court of NEW HANOVER County.

The evidence tended to show that plaintiff sold and delivered to Finch & Person, a partnership composed of S. H. Finch and W. R. Person, goods and material on account from 2 February, 1906, to 14 June of the same year, to the amount, with accrued interest, of $611.45; that $159.70 of

this account, inclusive of interest, became due on 10 May, 1906, and the remainder, to-wit, $451.75, accrued after that date.    Other evidence was introduced, which plaintiff insisted established the liability of J. E. Person for the debt as guarantor of payment.    The action was brought against Finch & Person, to whom the goods were sold, and also against J. E. Person as guarantor of payment.

Two issues were submitted for the consideration of the jury:

"1. Are defendants, Finch & Person, indebted to plaintiff, and if so, in what amount?

"2. Is defendant J. E. Person liable for such indebtedness, and if so, what part thereof?"

The court charged the jury that, if they believed the evidence, they would answer the first issue "Yes, in the sum of $611.46, with interest on $600.94 from 1 September, 1906," and the second issue "Yes, in the sum of $451.75, with interest on same from 10 May, 1906."

Verdict and judgment for plaintiff, and defendants excepted and appealed.

*Meares & Ruark* for plaintiff.
*Rountree & Carr* for defendants.

HOKE, J., after stating the case: The Court does not take the view of this evidence which seems to have impressed the trial Judge.    The account for these goods being originally an obligation of Finch & Person, and for which that firm still remains liable, any obligation of defendant J. E. Person, as guarantor, must be evidenced and established by written agreement or some written note or memorandum of same signed by him or some person duly authorized to sign for him. Revisal, sec. 974; *Jenkins v. Holly,* 140 N. C., 379; *Shepherd v. Newton,* 139 N. C., 533.    The plaintiff recognizes this as the law governing the case, and claims to have met this requirement by reason of certain written correspondence put in evidence, as follows:

"PIKEVILLE, N. C., May 3, 1906.

"STANDARD SUPPLY COMPANY,

*Wilmington, N. C.*

"GENTLEMEN:—Yours of May 1st to hand.   I pay out the money Finch & Person have in my hands as they direct. That is, all their drafts and checks are sent to the bank at Fremont and placed to my credit, and from that amount I pay out as they direct.   So, if they draw a draft on me and do not have money enough to their credit to pay it, I do not pay until they do have.   This is an arrangement of recent date.   I have up to recently been paying their bills, regardless of whether they had anything to their credit or not.   I find that, in order to make them more strict with their business, the responsibility of it must rest on their own shoulders from now on.   With this explanation I trust my refusal to accept draft will be satisfactory to you.

"Respectfully, etc.,

"J. E. PERSON."

"DR. J. E. PERSON,                    "May 4, 1906.

*Pikeville, N. C.*

"DEAR SIR:—Our extension of credit to Finch & Person has been on the basis of a letter received from you, in which you stated that you were supporting this firm with your finances.   We have depended entirely upon your responsibility in making accounts with them, knowing that you are perfectly responsible for any amounts which they would probably make in their joint interest.   We shall have to ask of you to reconsider your determination not to accept a paper from these parties, as we know nothing of their responsibility and should not have credited them to the extent we have unless we had felt authorized so to do from your letters.   We would be glad to have you say whether you will accept a paper from them to sign and forward you, and which we are perfectly

SUPPLY CO. *v.* FINCH.

willing to make, on the basis of one-half and three months, if you so desire, or whether you are unwilling to do this.

"Yours very truly,
                "STANDARD SUPPLY COMPANY."

                "MAGNOLIA, N. C., May 10, .1906.
"STANDARD SUPPLY COMPANY,
                *Wilmington, N. C.*

"GENTLEMEN:—Your letter of May 4th has been received. I am here at the mill of Finch & Person to see what progress they are making with their work. I find that the dry kiln is not completed, and when it is, which will be soon, I think you will get your money sooner than to sign a paper or papers for the time mentioned in your letter. Just as soon as the dry kiln gets in operation I will see that your bill is paid.

                "Respectfully, etc.,
                        "J. E. PERSON."

"DR. J. E. PERSON,                        "May 11, 1906.
        *Fremont, N. C.*

"DEAR SIR:—Your letter of May 10th is before us, and entirely satisfactory. We presumed that the proposition to make a paper would probably be a greater accommodation to Messrs. Finch & Person than to wait on them for an early settlement; but it would appear from your letter that your preference, which we presume is also theirs, is to have this paid in the ordinary way and after a short period. Thanking you for your kindness in this matter, we are,

                "Yours very truly,
                        "STANDARD SUPPLY COMPANY."

And plaintiff testified that the latter portion of the goods, to-wit, the sum of $451.75, being the amount for which recovery was had against J. E. Person, was sold on the faith of these letters, more particularly that of 10 May.

But the Court is of opinion that there is nothing in this letter, or in any other portion of the correspondence, which,

in express terms or by fair intendment, gives indication that the defendant J. E. Person guaranteed future sales, or that his letter was intended to be a continuing guaranty.   On the contrary, this correspondence, by plain import, refers only to an account already made.   The defendant's first communication, which appears in evidence, declined to pay the bill presented at all or to accept a draft for the amount, stating his rule to be that he only paid after the debtor firm had placed funds to the amount to the writer's credit in the bank at Fremont.   Plaintiff then proposed that defendant accept a paper on the "basis of one-half and three months," when defendant replied, saying that he would pay their bill as soon as the dry kiln got in operation.   This is the promise relied upon, and in terms it refers to an account stated.   The defendant is not responsible for the former portion of the account, for the lack of any valuable consideration for his promise (*Green v. Thornton,* 49 N. C., 230) ; nor for the latter portion, because, in our opinion, the written correspondence, relied upon for the purpose, contains no evidence of a continuing guaranty, but, by fair implication, refers to an account already made.

It has long been the policy and express provision of our statute law that obligations of this character shall be in writing, and, however meritorious in a given instance we may consider a claim to be, we are not at liberty to disregard the plain requirement of the statute.

The case on appeal was made up by agreement of counsel, and we have expressed our opinion on the questions presented by the exceptions as they now appear, and which show that J. E. Person was held responsible for the goods sold after the letter of 10 May.   There is some indication in the record and the testimony, not sufficiently definite, however, to justify the Court in acting on it, that by inadvertence counsel may have erroneously stated the rulings of the trial Judge as to the portion of the account which, under the charge, was established

as a valid claim against defendant J. E. Person.   As the cause
goes back, any mistake of that kind which may have operated
to plaintiff's prejudice can be corrected on the new hearing,
and it is not desirable at this time to make further statement
concerning it.

For the cause indicated, the defendant is entitled to a new
trial, and it is so ordered.

New Trial.