STANDARD SUPPLY COMPANY v. W. R. PERSON AND S. H. FINCH, PARTNERS, ET AL.

(Filed 29 March, 1911.)

1. **Contracts—Guarantor of Payment—Consideration—Statute of Frauds.**

In an action against a guarantor of payment of a debt of another it is not necessary, under the statute of frauds, that the consideration for the promise be contained in the writing.

2. **Same—Forbearance to Sue.**

A binding written contract to forbear suit on a valid claim, for a definite time, or expressed in language that the law would interpret as a reasonable time, constitutes a sufficient consideration to bind a guarantor to the payment of a debt of another.

3. **Same—Express Agreement—Promise.**

When at the instance or request of another, and on promise of payment by the latter, a creditor forbears to sue his debtor for a specified time, the one so promising is liable as a guarantor of payment.

4. **Same.**

In an action brought to recover of defendant a certain amount claimed to be due by him as a guarantor of payment of the debt of another, there was undisputed evidence of a correspondence between the parties, in which it appeared that defendant, after repudiating liability, wrote the plaintiff that "Just as soon as the dry-kiln is completed I will see that your bill is paid." The dry-kiln was completed before suit was brought, and acting upon the promise the plaintiff desisted and forbore to sue his debtor with reference to the amount in controversy: *Held*, (1) the promise was in writing, and sufficient under the statute of frauds; (2) the forbearance to sue was a sufficient consideration; (3) the defendant was liable for the debt as a guarantor of payment.

APPEAL from *Whedbee, J.,* at December Term, 1910, of NEW HANOVER.

Civil action, heard on exceptions to report of referee. On a former appeal in this cause, reported in 147 N. C., 106, it appeared that plaintiff, having an account for goods, sold and delivered, against S. H. Finch and W. R. Person for the amount of $611.46, sought to charge the defendant J. E. Person, the present appellant, as guarantor for a portion of said account. Issues were submitted to determine the controversy,

and verdict was returned in favor of plaintiffs against S. H. Finch and W. R. Person for the entire amount and against J. E. Person as guarantor for $451.75 of the amount, and it seemed to appear otherwise in the record that this was the portion of the account which accrued prior to 10 May, 1906. The correspondence on which the liability of J. E. Person was made to rest was set forth as follows:

PIKEVILLE, N. C., 3 May, 1906.

STANDARD SUPPLY COMPANY,
          *Wilmington, N. C.*

GENTLEMEN:—Yours of May 1st to hand. I pay out the money Finch & Person have in my hands as they direct. That is, all their drafts and checks are sent to the bank at Fremont and placed to my credit, and from that amount I pay out as they direct. So, if they draw a draft on me and do not have money enough to their credit to pay it, I do not pay until they do have. This is an arrangement of recent date. I have up to recently been paying their bills, regardless of whether they had anything to their credit or not.' I find that, in order to make them more strict with their business, the responsibility of it must rest on their own shoulders from now on.

With this explanation, I trust my refusal to accept draft will be satisfactory to you.          Respectfully, etc.,

J. E. PERSON.

That plaintiff in reply to said letter from J. E. Person wrote to him the following letter:

DR. J. E. PERSON,                               4 May, 1906.
          *Pikeville, N. C.*

DEAR SIR:—Our extension of credit to Finch & Person has been on the basis of a letter received from you, in which you stated that you were supporting this firm with your finances. We have depended entirely upon your responsibility in making accounts with them, knowing that you are perfectly responsible for any amounts which they would probably make in their joint interest. We shall have to ask you to reconsider your determination not to accept a paper from these parties, as we

know nothing of their responsibility and should not have credited them to the extent we have unless we had felt authorized so to do from your letters. We would be glad to have you say whether you will accept a paper from them to sign and forward you, and which we are perfectly willing to make on the basis of one-half and three months, if you so desire, or whether you are unwilling to do this.

Yours very truly,<br>
STANDARD SUPPLY COMPANY.

And in reply to that letter, received the following reply from J. E. Person:

MAGNOLIA, N. C., 10 May, 1906.

STANDARD SUPPLY COMPANY,
Wilmington, N. C.

GENTLEMEN:—Your letter of May 4th has been received. I am here at the mill of Finch & Person to see what progress they are making with their work. I find that the dry-kiln is not completed, and when it is, which will be soon, I think you will get your money sooner than to sign a paper or papers for the time mentioned in your letter. Just as soon as the dry-kiln gets in operation I will see that your bill is paid.

Respectfully, etc.,          J. E. PERSON.

That plaintiff, in reply to above letter, wrote J. E. Person the following letter:

DR. J. E. PERSON,          <span>11 May, 1906.</span>
Fremont, N. C.

DEAR SIR:—Your letter of May 10th is before us, and entirely satisfactory. We presumed that the proposition to make a paper would probably be a greater accommodation to Messrs. Finch & Person than to wait on them for an early settlement; but it would appear from your letter that your preference, which we presume is also theirs, is to have this paid in the ordinary way and after a short period.

Thanking you for your kindness in this matter, we are,

Yours very truly,<br>
STANDARD SUPPLY COMPANY.

And J. E. Burr, president of plaintiff corporation, testifying for plaintiff on the former trial, after saying that the letters in question were written by J. E. Person, the alleged guarantor, stated further: "The account was allowed to run on the strength of Dr. Person's letter of 10 May, 1906." The case on the last appeal made out by counsel then states that the court charged the jury: "On the evidence, if believed, the defendants Finch & Person were liable for the full amount demanded, and on the second issue, as to J. E. Person, the amount due was $451.75, being the amount due on said account after the letter of J. E. Person was written on 10 May, 1906." On the facts in evidence this Court held there was error, saying: "The defendant J. E. Person is not liable for the former portion of the account (that before the letter of 10 May, 1906), for the lack of any valuable consideration for his promise," citing *Green v. Thornton,* 49 N. C., 230; "nor for the latter portion, because, in our opinion, the written correspondence relied upon for the purpose contains no evidence of a continuing guarantee, but by fair implication refers only to an account already made." Being in doubt, however, after a careful inspection of the record, as to what portion of the account had been charged against the defendant Person, and also as to the true and proper interpretation of the testimony of the witness Burr, that the account was allowed to run on the strength of Dr. Person's letters, etc., the Court decided that it was safer to award a new trial, that the facts might be more fully developed. Pursuant to this order, the cause again came on for hearing and by consent was referred to E. S. Martin, Esq., of the Wilmington bar, who heard the evidence, including the letters above set out and others, and further oral testimony of the witness Burr, and made report, finding that J. E. Person was responsible for that portion of the account accruing prior to the letter of 10 May, 1906. Exceptions were filed to the findings of fact and conclusions of law by the referee, and on the hearing below the court, without disturbing the findings of fact, held as a conclusion of law that, "There was no evidence of consideration to support the alleged promise of J. E. Person," and gave judgment that said J. E. Person go without day, and plaintiff excepted and appealed.

*Meares & Ruark for plaintiff.*
*Rountree & Carr for defendant.*

HOKE, J., after stating the case: On a former appeal in this cause, the Court having awarded a new trial for the reasons heretofore stated and the cause having been referred, the letters above set out, with other correspondence between the parties, were introduced, and the witness J. E. Burr, among other things, testified as follows: "That the letter of 11 May, 1906, was in reply to Dr. Person's letter to the company dated 10 May, 1906, and as a result of the letters referred to, the witness desisted from taking action with reference to collecting the account. That the plaintiff desisted from taking action to collect the account from Finch & Person because Dr. Person in his letter of 10 May led us to believe that he would see that our bill was paid as soon as the dry-kiln was in operation. That Dr. Person's letter of 10 May, 1906, was the cause or consideration which induced us to desist from taking any action looking to the collection of this account. That no part of this account which accrued prior to 10 May, 1906, has been paid." There was also admission by defendant on the hearing before the referee, "That the dry-kiln referred to in the letter of 10 May, 1906, was installed and put in operation 8 May, 1907, before the institution of the suit. Upon the testimony the referee, after finding the correspondence between the parties to be as stated, made additional findings of fact as follows: "That in consequence of the said letters to and from J. E. Person, the plaintiff forbore and desisted from taking action against the said firm of Finch & Person to collect the said account, as J. E. Person in and by his letter of 10 May, to plaintiff, led plaintiff to believe that he would see the said account of plaintiff against the said firm of Finch & Person paid as soon as the dry-kiln was in operation. And that said letter of 10 May, 1906, was the cause or consideration which induced the plaintiff to forbear and desist from taking any action to collect the said account owing it by Finch & Person.

"7. That the dry-kiln, hereinbefore mentioned in the letter

from J. E. Person to plaintiff, dated 10 May, 1906, was installed and put in operation before the institution of this action on 27 May, 1907.

"8. That the amount of said account due and owing on 10 May, 1906, was $451.75, and that no part of the same has been paid, though demand for payment has been made on defendant J. E. Person by the plaintiff.

"9. That no part of the judgment recovered against the said W. R. Person and S. H. Finch, partners trading as Finch & Person, hereinbefore mentioned, has been paid."

And upon such facts we concur in his conclusion, "That there was a binding contract of guaranty on the part of the appellant J. E. Person, supported by a valuable and sufficient consideration, and that said appellant is lawfully due and owing the amount of the account accrued prior to the letter of 10 May, 1906."

The statute of frauds is not involved in the case, for the appellant's letter of 10 May, 1906, contains a definite promise to pay as soon as the dry-kiln gets in operation, and since the notable decision of *Miller v. Irvine,* 18 N. C., 103, it has been well understood that in this State the consideration for a promise need not be contained in the writing in order to satisfy the requirements of the statute. And on the question of consideration, it is very generally held that a binding contract to forbear suit on a valid claim, for a definite time, or expressed in language that the law would interpret as a reasonable time, constitutes a sufficient consideration for a guaranty. And an agreement with the promisor to forbear, followed by forbearance, for such time, would uphold the contract. *Howe v. Taggart,* 133 Mass., 284, and *Robinson v. Gould,* 65 Mass., 55. And by the weight of authority actual forbearance for such time without express agreement, but at the instance or request of the promisor, is sufficient. *Lowe v. Weatherly,* 20 N. C., 212-214; *Strong v. Sheffield,* 144 N. Y., 392; *Crears v. Hunter,* 19 L. R., Q. B. Div. (1887), 341; Clark on Contracts, 121 *et seq.;* Anson on Contracts, 97.

While the record in the former appeal left the matter in such

uncertainty that the Court did not feel justified in making a final decision of the case, and while there is some doubt even now as to whether the letter of plaintiff of date 11 May amounts to a distinct and definite agreement not to sue, there is no longer room for construction that the correspondence, taken in connection with the full and definite statements of the witness Burr, establishes the proposition that there was actual forbearance to sue the debtors, and that this was at the instance and request of the appellant. We are of opinion, therefore, and so hold, that the testimony fully justified the findings of fact, and that on such findings there should be judgment entered against the guarantor for the amount ascertained to be due. His Honor below no doubt acted on his interpretation of the former opinion, which was expressed in terms somewhat positive in view of the fact that a new trial was to be awarded.

There is error and on the facts established, judgment will be entered for the plaintiff.

Reversed.