A. C. ALBRIGHT ET AL. v. T. F. ALBRIGHT ET AL.

(Filed 1 November, 1916.)

**1. Wills—Codicils—Interpretation.**

A codicil to a will should be construed as in explanation or alteration thereof, or as adding to or subtracting something from the will of which it is a part.

**2. Wills—Heirs—Interpretation.**

The words "heirs," "heirs of the body," or "bodily heirs" have under the statute the same significance, and the rule holding them to designate the class of persons who, by law, take the property by inheritance or succession from one another is more insistent as applied to conveyance *inter vivos* than to testamentary dispositions.

**3. Same—Intent—Children.**

Though the words "heirs," "heirs of the body," or "bodily heirs" have a legal significance, and may under our statutes carry the estate in fee simple when appearing after the name of the grantee, this construction will not obtain when it clearly appears from interpreting a will as a whole that the testator intended they should have a different meaning from the technical one.

**4. Same—Contingent Limitations—Defeasible Fee.**

A devise of an estate in a will to a son, A., and his heirs, with codicil, "I further change the text of my will to the extent that the word 'heirs' shall mean and be construed by my executors as 'bodily heirs,' so that if one of my children shall die without leaving bodily heirs, it is my will that that child's part in the distribution of my estate shall be equally divided among my grandchildren who are the bodily heirs named in the above will": *Held*, the devise to A. was a fee-simple estate, defeasible upon his dying without leaving children.

**5. Wills—Interpretation—Intent—Personalty.**

Where the word "heirs" in a will is used in connection with the testator's disposition of his realty, the words in a codicil thereto which refers to it as a "disposition of personalty" is not controlling as to the intent of the testator.

CIVIL ACTION tried before *Daniels, J.*, at the September Term, 1916, of ALAMANCE.

This is an action to remove a cloud from title, the plaintiffs alleging that they are owners in fee of the lands described in the complaint, under the will of D. H. Albright, and that the defendants are setting up an adverse claim thereto.

During the trial of the action the court intimated to plaintiffs' counsel that, in its opinion, the plaintiffs were not entitled to judgment declaring the plaintiffs the owners in fee of the lands devised by D. H. Albright to them, the court being of the opinion that each of the plaintiffs took the lands devised to him under the will as a defeasible fee.

Upon this intimation of the court the plaintiffs submitted to a judgment of nonsuit and appealed.

*Charles A. Hines for plaintiff.*
*No counsel for defendants.*

ALLEN, J. This is an appeal from a judgment of nonsuit, to which the plaintiffs voluntarily submitted upon an intimation by the judge presiding that they held only a defeasible fee under the will of D. H. Albright, and, therefore, the only question presented is as to the proper construction of the will.

The devises to Walter H. Albright and Maude D. Albright are in substantially the same language, and as the devise to A. C. Albright is less favorable to the contention of the plaintiffs that they are the owners in fee of the land in controversy, we will deal only with the devise to Walter H. Albright.

In the original will of 23 April, 1906, the testator devises the land to "Walter H. Albright and his heirs," and in his codicil thereto, after making certain changes in the will, he provides as follows: "I further change the text of my will to the extent that the word 'heirs' shall mean and be construed by my executors as 'bodily heirs,' so that if any one of my children shall die without leaving bodily heirs, it is my will that that child's part in the distribution of my estate shall be equally divided among my grandchildren who are the bodily heirs of the children named in the above will."

As was said in *Green v. Lane*, 45 N. C., 113, "A will is an instrument by which a person makes a disposition of his property to take effect after his decease, and which is, in its own nature, ambulatory and revocable during his life. Jarman on Wills, 11. A codicil is a supplement to a will, or an addition made by the testator and annexed to and to be taken as a part of a testament—being for its explanation, or alteration, to make some addition to or subtraction from the former disposition of the testator. 2 Black. Com., 500; Williams Exrs., 8."

We must, then, consider the codicil as a part of the original will, and must keep in mind that its office is for explanation or alteration of the will, or to add to or subtract something from it.

The words "heirs," "heirs of the body," or "bodily heirs" have, under the statute, the same legal significance (*Smith v. Lumber Co.,* 155 N. C., 392), and in the absence of a contrary intention appearing from the context, they are usually held to designate "the class of persons who, by law, take property by inheritance or succession from another" (*Donnell v. Mateer,* 40 N. C., 10); but this rule is more insistent as applied to conveyances *inter vivos* than to testamentary dispositions. *Allen v. Pass,* 20 N. C., 212.

It has been held that "heirs of the body" means children or issue (*Thompson v. Mitchell,* 57 N. C., 441; *Crawford v. Wearn,* 115 N. C., 541; *Swindell v. Smaw,* 156 N. C., 1), and the same construction has been given to "bodily heirs" (*Pless v. Coble,* 58 N. C., 231), and to "lawful heirs" (*Francks v. Whitaker,* 116 N. C., 518); and as said by *Hoke, J.,* in *Smith v. Lumber Co., supra,* "There are numerous decisions, here and elsewhere, by which the words 'heir or heirs or issue' in wills are construed to mean children and grandchildren when such a construction would effectuate the manifest purpose of the testator."

Let us, then, look at the will and the codicil for the purpose of seeing what was the intent of the testator in the use of the words "heirs" and "bodily heirs," and what disposition he intended to make of his estate.

In the original will he devises the land to "Walter H. Albright and his heirs," which is an estate in fee absolute, and if he intended this estate to continue there was no reason for executing a codicil.

He does not, however, leave in doubt his purpose to make a different disposition of his property, as he says in his codicil, "I further change the text of my will to the extent," etc.

It is also evident that the testator did not understand that "heirs" and "bodily heirs" meant the same thing, because one of the changes made in the original will is that "heirs" appearing therein "shall mean and be construed by my executors as 'bodily heirs' "; and in the codicil "bodily heirs" and "children" and "grandchildren" are used interchangeably.

It is, therefore, clear that "bodily heirs" as used in the codicil means children, and that the devise is to the child of the testator, with provision that if he dies without leaving children, his part shall go to the grandchildren of the testator who are the children of the children of the testator *named in the will,* to be equally divided between them, and, as so construed, that it is a defeasible fee, as his Honor held. *Whit-*

*field v. Garris,* 131 N. C., 148; *s. c.,* 134 N. C., 24; *Maynard v. Sears,* 157 N. C., 1; *Wilkinson v. Boyd,* 136 N. C., 46.

In the *Whitfield case* the devise was to Franklin Whitfield, "and in the event of the death of the said Franklin Whitfield leaving heirs of his body, then, etc.," and the Court held that it "was a devise in fee simple, with a condition of defeasance, that if he died without leaving heirs of his body his fee-simple estate should be defeated and the land should go to the three children of L. C. Whitfield named in the will," and this was affirmed on a rehearing, 134 N. C., 24.

The other cases are in point, and many others could be cited to the same effect.

The words, "in the distribution of my estate," in the codicil indicate a disposition of personalty, but the language is not controlling as to the intent of the testator, and particularly when it appears from the original will that the word "heirs" was not used in connection with the personal estate.

Affirmed.