KLINGSTUBBINS SOUTHEAST, INC., PLAINTIFF v. 301 HILLSBOROUGH STREET PARTNERS, LLC AND THEODORE R. REYNOLDS, DEFENDANTS

No. COA11-549

(Filed 17 January 2012)

**Guaranty—request to forbear collection and promise to pay—claim upon which relief could be granted**

The trial court erred by granting a motion to dismiss pursuant to N.C.G.S. § 1A-1, Rule 12 (b)(6) where plaintiff filed a complaint for payment following an exchange of letters with defendant Reynolds, a principal of defendant Hillsborough, about an unpaid debt for architectural services. While no specific requests for plaintiff to forbear legal redress appeared in defendant Reynolds' letters, the letters may have been interpreted as a request for plaintiff to forbear legal action and a promise to pay, and plaintiff alleged that it actually did forbear in reliance on those requests and promises.

Appeal by plaintiff from order entered 16 February 2011 by Judge Carl Fox in Superior Court, Wake County. Heard in the Court of Appeals 10 October 2011.

*Creech Law Firm, P.A., by Peter J. Sarda, for plaintiff-appellant.*

*Harris Winfield Sarratt & Hodges LLP, by John Sarratt, for defendant-appellee Theodore R. Reynolds.*

STROUD, Judge.

Plaintiff appeals the trial court order allowing defendant Theodore R. Reynolds's motion to dismiss. For the following reasons, we reverse.

**KLINGSTUBBINS SE., INC. v. 301 HILLSBOROUGH ST. PARTNERS, LLC**

[218 N.C. App. 256 (2012)]

## I. Background

On 13 August 2010, plaintiff filed a verified complaint against defendants requesting payment for "architectural services" which plaintiff performed for the design of a building for defendant 301 Hillsborough Street Partners, LCC ("Hillsborough"). Plaintiff also alleged a claim against defendant Theodore R. Reynolds ("Reynolds") as guarantor of defendant Hillsborough's obligation to plaintiff. Attached to plaintiff's complaint were two exhibits, both letters from defendant Reynolds, who plaintiff alleges is a principal of defendant Hillsborough. The letter dated 27 May 2009 read in pertinent part:

> I am writing at this time to formally acknowledge to you and your firm my awareness of the balance I currently owe you for architectural services on our Hillsborough Street Project.

> You and I are both fully aware of the events leadings to our project being stopped and also the fact that these events were totally uncontrollable by me and by you. However, these facts by no means are an indication of my intentions regarding my financial obligations to you. Throughout my career in this city I have answered all of my obligations and it is my sincere intent to do the same with regards to this one.

> As stated yesterday, I will make every effort to satisfy this account or make a serious reduction on or before the end of this year. Regardless of my success in doing this the indebtedness will be paid.

The second letter, dated 8 December 2009, stated:

> I last corresponded with you on May 27 2009, stating my intention regarding our account with your firm. At that time this was a serious thought, however, as the year has progressed financial conditions have worsened.

> The one thing that has not changed is my commitment to honor this obligation.

> . . . .

> I regret not being able to meet our projection, however, the obligation will be honored.

On 21 October 2010, defendant Hillsborough filed an answer denying most of the substantive allegations in plaintiff's complaint and requesting that plaintiff's complaint be dismissed. Also on 21

October 2010, defendant Reynolds filed a motion to dismiss "pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure[.]" On 22 December 2010, plaintiff filed a motion for summary judgment. On 16 February 2011, the trial court allowed defendant Reynolds's motion to dismiss and allowed plaintiff's motion for summary judgment against defendant Hillsborough. Plaintiff appeals.

## II.  Motion to Dismiss

Plaintiff argues that the trial court erred in dismissing its claim against defendant Reynolds because "when a party promises to answer for the debt of another in writing, that person is bound to the debt if consideration supports the promise." (Original in all caps.)

> On a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, the standard of review is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory. The complaint must be liberally construed, and the court should not dismiss the complaint unless it appears beyond a doubt that the plaintiff could not prove any set of facts to support his claim which would entitle him to relief.

*Block v. County of Person*, 141 N.C. App. 273, 277-78, 540 S.E.2d 415, 419 (2000) (citation and quotation marks omitted).

Our Court has previously stated,

> A guaranty contract is supported by sufficient consideration if it is based on a benefit passing to the guarantor or a detriment to the guarantee. When the guaranty, as in this case, involves a pre-existing debt, it must be supported by some new consideration other than the original debt.
>
> . . . .
>
> Although forbearance may constitute valid legal consideration, it must be based on a promise to forbear made at the time of the parties' contract. Plaintiff hereunder presented no evidence of an agreement that would have prevented plaintiff from bringing suit earlier. It is incumbent upon plaintiff to prove the consideration supporting a guaranty contract for a pre-existing debt; the law does not presume such consideration. Plaintiff, not having proved any agreement to forbear, failed to prove the consideration essential to the underlying contract.

*Carolina Eastern, Inc. v. Benson Agri Supply*, 66 N.C. App. 180, 182-83, 310 S.E.2d 393, 395 (1984) (citations omitted).

As defendant Reynolds concedes, "[t]he parties seem to agree" as to the law regarding a guaranty. However, the parties disagree as to the application of this law. Plaintiff contends that

> [t]he letters from a principal in the limited liability company were written to the Plaintiff and contained promises to pay the Plaintiff. In reliance on his promises, the Plaintiff took no action against the parties to collect the debt.
>
> Consideration that results from the forbearance to file a lawsuit is adequate consideration to support a contract. The letters of the Defendant Reynolds to stand for the debt of another are legally enforceable guaranties of Defendant Reynolds and the Court erred in dismissing the Complaint.

Defendant Reynolds counters that the complaint and attached letters fail to show that plaintiff had threatened legal action against Hillsborough and thus that he had not sought to induce forebearance by plaintiff. Defendant Reynolds argues

> the letters written by Mr. Reynolds and attached to the complaint appear on their face to be unilateral and gratuitous undertakings, which do little more than acknowledge that a debt is due by the defendant 301 Partners. There is no indication either in these letters or in any allegation of the complaint that Mr. Reynolds was writing to induce any conduct on the part of Klingstubbins or in response to any threat by Klingstubbins. While the complaint alleges a forbearance to pursue collection activity against 301 Partners, there is no allegation to suggest that Mr. Reynolds' letters were written in response to any threat of such legal action or to induce any such forbearance. As such, forbearance cannot constitute consideration for any purported guaranty.

We thus turn our attention to *Supply Co. v. Person*, 154 N.C. 456, 70 S.E. 745 (1911), a case which both parties cite as authority for their respective positions. In *Supply*, the "plaintiff, having an account for goods, sold and delivered, against S. H. Finch and W. R. Person for the amount of $611.46, sought to charge the defendant J. E. Person, the present appellant, as guarantor for a portion of said account." *Id.* at 456, 70 S.E. at 745. On 3 May 1906, defendant J.E. Person wrote a letter to the plaintiff stating that he would no longer be responsible for

**KLINGSTUBBINS SE., INC. v. 301 HILLSBOROUGH ST. PARTNERS, LLC**

[218 N.C. App. 256 (2012)]

the drafts of Finch & Person. *Id.* at 457, 70 S.E. at 745. On 4 May 1906, plaintiff responded via letter and stated in pertinent part,

> Our extension of credit to Finch & Person has been on the basis of a letter received from you, in which you stated that you were supporting this firm with your finances. We have depended entirely upon your responsibility in making accounts with them, knowing that you are perfectly responsible for any amounts which they would probably make in their joint interest. We shall have to ask you to reconsider your determination not to accept a paper from these parties, as we know nothing of their responsibility and should not have credited them to the extent we have unless we had felt authorized so to do from your letters. We would be glad to have you say whether you will accept a paper from them to sign and forward you, and which we are perfectly willing to make on the basis of one-half and three months, if you so desire, or whether you are unwilling to do this.

*Id.* at 457-58, 70 S.E. at 745-46.

On 10 May 1906, defendant J.E. Person responded to plaintiff's letter in pertinent part:

> Your letter of May 4th has been received. I am here at the mill of Finch & Person to see what progress they are making with their work. I find that the dry-kiln is not completed and when it is, which will be soon, I think you will get your money sooner than to sign a paper or papers for the time mentioned in your letter. Just as soon as the dry-kiln gets in operation I will see that your bill is paid.

*Id.* at 458, 70 S.E. at 746.

In response to the 10 May 1906 correspondence, on 11 May 1906, the plaintiff replied in pertinent part,

> Your letter of May 10th is before us, and entirely satisfactory. We presumed that the proposition to make a paper would probably be a greater accommodation to Messrs. Finch & Person than to wait on them for an early settlement; but it would appear from your letter that your preference which we presume is also theirs, is to have this paid in the ordinary way and after a short period.

*Id.*

A witness for plaintiff also testified

> [t]hat the letter of 11 May, 1906, was in reply to Dr. Person's letter to the company dated 10 May, 1906, and as a result of the letters referred to, the witness desisted from taking action with reference to collecting the account. That the plaintiff desisted from taking action to collect the account from Finch & Person because Dr. Person in his letter of 10 May led us to believe that he would see that our bill was paid as soon as the dry-kiln was in operation. That Dr. Person's letter of 10 May, 1906, was the cause or consideration which induced us to desist from taking any action looking to the collection of this account. That no part of this account which accrued prior to 10 May, 1906, has been paid.

*Id.* at 459-60, 70 S.E. at 746 (quotation marks omitted).

Considering the evidence noted above, our Supreme Court concluded judgment should be entered in favor of the plaintiff because

> on the question of consideration it is very generally held *that a binding contract to forbear suit on a valid claim, for a definite time, or expressed in language that the law would interpret as a reasonable time, constitutes a sufficient consideration for a guaranty. And an agreement with the promisor to forbear, followed by forbearance, for such time, would uphold the contract. And by the weight of authority actual forbearance for such time without express agreement, but at the instance or request of the promisor, is sufficient.*

> While the record in the former appeal left the matter in such uncertainty that the court did not feel justified in making a final decision of the case, and while there is some doubt even now as to whether the letter of plaintiff of date 11 May amounts to a distinct and definite agreement not to sue, there is no longer room for construction that the correspondence, taken in connection with the full and definite statements of the witness Burr, establishes the proposition that there was actual forbearance to sue the debtors, and that this was at the instance and request of the appellant [sic].

*Id.* at 461-62, 70 S.E. at 747 (emphasis added) (citations omitted). Thus, though none of the letters specifically reference a forbearance to sue, our Supreme Court concluded that the plaintiff had forborne from suing based upon defendant J.E. Person's request to forbear taking legal action and his promise to pay. *Id.* at 457-62, 70 S.E. at 745-47.

As the complaint must be "liberally construed" for purposes of a motion to dismiss, and the complaint should not be dismissed "unless it appears beyond a doubt that the plaintiff could not prove any set of facts to support" the claim for relief, *Block*, 141 N.C. App. at 277-78, 540 S.E.2d at 419, we believe that the complaint has sufficiently pled a claim upon the guarantee. Plaintiff's verified complaint alleged that "[i]n reliance on the requests by defendant Reynolds and his promises to be personally liable for the amounts owing to plaintiff, the plaintiff delayed collection action against 301 Partners for over one year" and "[i]n reliance on the promises of defendant Reynolds, the plaintiff has forborne its opportunities to seek legal redress against the defendant 301 Partners." While we do not find any specific "requests" to forbear on the part of defendant Reynolds in his letters, the letters do tend to support the specific allegations of the plaintiff's complaint that defendant Reynolds requested forbearance and that plaintiff did actually forebear from collection against Hillsborough in reliance upon defendant Reynold's promise to pay. Defendant Reynolds's letters do unequivocally state that "the indebtedness will be paid" and that "the obligation will be honored." This is quite similar to J.E. Person's correspondence in *Supply* as his 10 May 1906 letter does not clearly request a forbearance to sue, but similarly states "I will see that your bill is paid." *Id.* at 458, 70 S.E. at 746. Furthermore, our Supreme Court interpreted J.E. Person's letters in *Supply* to be a request for the plaintiffs to forbear from suing: "there was actual forbearance to sue the debtors, and that this was at the instance and request of the appellant [sic]." *Id.* at 462, 70 S.E. at 747. Defendant Reynolds's letters may be interpreted as a request for plaintiff to forbear from taking legal action and a promise to pay, *see id.* at 457-62, 70 S.E. at 745-47, and plaintiff alleged that based upon these "requests" and "promises" it actually did forbear. Plaintiff's "reliance" upon the "requests" and "promises" is also evidenced by the fact that one of defendant Reynolds's letters dated 27 May of *2009* states that he will "make every effort to satisfy this account or make a serious reduction on or before the end of this year[,]" and plaintiff did not bring suit until August of *2010*. We also note that the court in *Supply* was addressing an appeal after a full trial of the case, while we are considering whether granting a motion to dismiss was appropriate. *See Supply*, 154 N.C. 456, 70 S.E. 745. Even if defendant claims that he did not intend his letters to be "requests" for forbearance, the questions of his actual intent at the time of the letters and plaintiff's understanding of the letters are material facts which cannot be resolved under Rule 12(b)(6). We therefore conclude that plaintiff has "state[d] a

KLINGSTUBBINS SE., INC. v. 301 HILLSBOROUGH ST. PARTNERS, LLC

[218 N.C. App. 256 (2012)]

claim upon which relief may be granted[.]" *Block*, 141 N.C. App. at 277, 540 S.E.2d at 419.

### III. Conclusion

For the foregoing reasons, we reverse.

REVERSED.

Chief Judge MARTIN concurs.

Judge GEER dissents in a separate opinion.

GEER, Judge dissenting.

As the majority opinion points out, when a case involves a promise to guarantee an existing debt, in order for that promise to be enforceable, there must be some new consideration for that promise other than the original debt. Because I do not believe that plaintiff has pled consideration for defendant Theodore R. Reynolds' promise to pay the debt of 301 Hillsborough Street Partners ("301 Partners"), I would hold that the trial court properly granted defendant's motion to dismiss. I, therefore, respectfully dissent.

The consideration for the guaranty promise must exist at the time that the promise is made. In *Standard Supply Co. v. Person*, 154 N.C. 456, 461, 70 S.E. 745, 747 (1911), the Supreme Court indicated that there are two ways that "forbearance" by the promisee can result in an enforceable guaranty contract as to the promisor. First, there can be an express agreement: "[I]t is very generally held that a binding contract to forbear suit on a valid claim, for a definite time, or expressed in language that the law would interpret as a reasonable time, constitutes a sufficient consideration for a guaranty. And an agreement with the promisor to forbear, followed by forbearance, for such time, would uphold the contract." *Id.* Second, however, there can be something less than an express agreement: "[B]y the weight of authority actual forbearance for such time without express agreement, but at the instance or request of the promisor is sufficient." *Id.*

Plaintiff does not allege an express agreement. Instead, plaintiff seems to be relying on the second approach. There is no question that plaintiff alleges actual forbearance. The issue is whether the complaint alleges that the plaintiff's forbearance was at the request of defendant Reynolds.

In ¶ 16 of the complaint, plaintiff alleges that in two letters, identified in the complaint as Exhibits A and B to the complaint, defendant Reynolds "admitted to his personal liability for the amount owed"—or, in other words, Reynolds promised to pay the existing debt of defendant 301 Partners. In ¶ 17, plaintiff alleges that "[i]n reliance on the requests by defendant Reynolds and his promises to be personally liable for the amounts owing to plaintiff, the plaintiff delayed collection action against 301 Partners for over one year."

¶ 17 is the only paragraph including any reference to "requests" by Reynolds. While ¶ 17 does not specifically indicate what Reynolds was requesting, the paragraph can be construed as alleging that Reynolds requested that plaintiff delay any collection action on 301 Partners' debt. On the other hand, however, ¶¶ 16 and 17 allege that the only representations made by Reynolds are contained in Exhibits A and B to the complaint; the complaint references no other representations by Reynolds. This Court has held: "When reviewing pleadings with documentary attachments on a Rule 12(b)(6) motion, the actual content of the documents controls, not the allegations contained in the pleadings." *Schlieper v. Johnson*, 195 N.C. App. 257, 263, 672 S.E.2d 548, 552 (2009).

Based on *Schlieper*, therefore, the issue is whether Exhibits A and B reflect a request by Reynolds that plaintiff forbear from pursuing collection action or other legal redress against 301 Partners. After reviewing the two exhibits, I see nothing in either letter that could possibly be construed as the necessary request. All that the letters do is state Reynolds' intent to pay plaintiff.

The first letter, dated 27 May 2009, notes that the events leading to the 301 Partners' project being stopped "were totally uncontrollable by me and by you," but asserts that "these facts by no means are an indication of my intentions regarding my financial obligations to you." The letter continues: "Throughout my career in this city I have answered all of my obligations and it is my sincere intent to do the same with regards to this one." Reynolds then stated that he "will make every effort" to pay plaintiff by the end of the year, but promises that even if the payment is not made by the end of the year, the indebtedness will be paid. Nothing in the first letter makes any request that plaintiff take or refrain from taking any action or even references anything that plaintiff might or might not do. The letter contains not the slightest allusion to collection action. I believe that the letter contains only a promise to pay.

The second letter dated 8 December 2009 does not seem to add anything more. It describes the May letter as "stating *my intention* regarding our account with your firm" (emphasis added) and promises that while financial conditions have worsened, "[t]he one thing that has not changed is my commitment to honor this obligation." The letter acknowledges that "we, like most others, are struggling" and expresses "regret" at not being able to pay by the projected end-of-the-year date. It still asserts that "the obligation will [b]e honored," although it provides no anticipated time frame. Again, I do not see even an implicit request that plaintiff do anything or refrain from doing anything.

I cannot see how the letters—which control over the reference in the complaint to unspecified "requests"—can be read as providing the consideration necessary to render Reynolds' promise to pay an enforceable guaranty. I am concerned that reversing the order below that granted the motion to dismiss would allow a party to rely upon a bare promise to pay as an enforceable guaranty.

With respect to *Standard Supply Co. v. Person*, discussed by the majority, I believe it is important to look at the Court's earlier opinion in that same case: *Standard Supply Co. v. Finch*, 147 N.C. 106, 60 S.E. 904 (1908). The Supreme Court, in its first opinion, considered whether evidence of (1) a letter setting out a promise by a third party to pay a partnership's existing account as soon as the partnership's dry kiln was in operation when combined with (2) a letter from the plaintiff to the third party suggesting that delay was acceptable was sufficient to prove an enforceable guaranty. The Court concluded that the letters did not, standing alone, establish the consideration necessary to make the promise to pay an enforceable guaranty. *Id.* at 110, 60 S.E. at 905 ("The defendant is not responsible for the former portion of the account, for the lack of any valuable consideration for his promise.").

The Court, however, awarded plaintiff a new trial because of concerns about the accuracy of the "case on appeal," which had been "made up by agreement of counsel." *Id.* In the appeal from the subsequent re-trial, the Court explained that, in the first appeal, because of uncertainty about the trial court's instructions to the jury and concerns about "the true and proper interpretation of the testimony of" plaintiff's main witness, "the Court decided that it was safer to award a new trial, that the facts might be more fully developed." *Standard Supply Co.*, 154 N.C. at 459, 70 S.E. at 746. It appears, therefore, that there was a dispute in the first appeal regarding what plaintiff's wit-

ness had actually said at trial. The first opinion had, therefore, only addressed the sufficiency of the written correspondence to establish a guaranty.

In contrast to the majority opinion, I do not believe that the Supreme Court, in its second opinion, concluded that there was adequate consideration based on the parties' letters standing alone. The first opinion established that the letters did not amount to an enforceable guaranty, and nothing in the second opinion revisits that holding. Instead, in the second opinion, the Court wrote: "While the record in the former appeal left the matter in such uncertainty that the Court did not feel justified in making a final decision of the case, and while there is some doubt even now as to whether the letter of plaintiff of date 11 May amounts to a distinct and definite agreement not to sue, there is no longer room for construction that the correspondence, *taken in connection with the full and definite statements of the witness Burr,* establishes the proposition that there was actual forbearance to sue the debtors, and *that this was at the instance and request of the [defendant]." Id.* at 461-62, 70 S.E. at 747 (emphasis added). It thus appears from the Supreme Court's second opinion that the testimony of Burr was critical in finding a request as well as actual forbearance—elements necessary for an enforceable guaranty.

Plaintiff, in this case, could have included additional allegations in the complaint setting out any actual requests for forbearance—analogous to the Burr testimony in *Standard Supply*—but chose not to do so. The complaint contains no mention of any oral or other written representations by Reynolds relating to the promise to pay. We are, therefore, left only with the letters, which—like the letters in *Standard Supply*—cannot be construed as even implicitly seeking forbearance. If a letter promising to pay when a dry kiln was operational did not constitute an enforceable guaranty, then I do not see how letters promising to pay at the end of the year or at some unspecified later date could be sufficient. Accordingly, I would hold that the complaint failed to sufficiently allege consideration for Reynolds' promise to pay. I would, therefore, affirm.