Wardlaw, J.,
delivered the opinion of the Court.
The facts have been settled by the verdict, and in relation to them the motion here made has not been pressed in the argument. The plaintiff’s counsel contends that forbearance itself was the consideration, and that the plaintiff having averred and proved a very long forbearance, the law requires no agreement to forbear, or at any rate will imply it: and so there was misdirection in the instructions that any agreement, any concurrence of minds concerning the forbearance, was necessary.
If the jury from the instructions had inferred an agreement, *42 we certainly should not have disturbed the verdict: but when they, under a very liberal definition of agreement given to them, have negatived the existence of any agreement in any form, the question is whether in opposition to their finding the law dispenses with the agreement, or will necessarily imply it. If so, the guaranty may have been signed wholly without consideration, yet by subsequent forbearance a consideration was supplied. The same must have been the result, if the plaintiff, instead of forbearing, had relinquished some lien held on the defendant’s property, or paid some debt for the defendant, or in some other way done an act beneficial to the defendant or injurious to himself, after the defendant had without consideration signed the guaranty. But there must be mutuality in contracts, and that which at first wTas void, cannot acquire validity only from the act of the party who would claim benefit from it.
The case most favoring the plaintiff’s view, is the case of Yard v. Eland, 1 Ld. Ray., 368. There in assumpsit the plaintiff averred, that in consideration, that the plaintiff at the special instance and request of the defendant would forbear, the defendant promised, and that plaintiff relying upon the defendant’s promise, did forbear. A motion in arrest of judgment was made, because the plaintifPs promise to forbear was not sufficiently averred, “for the defendant might have been all the time in fear.” Held, that the averment shewed on the part of the plaintiff sufficient consent.
The request on one side and consent on the other, make the agreement.
It is of no consequence that the plaintiff might not have been bound by the agreement to such extent, that she could not within the time of forbearance stipulated or implied, have sued the original debtor. The consideration of the guaranty is the promise to forbear, followed by the actual forbearance. If before the expiration of the time of forbearance, the plaintiff had sued, the consideration would have failed and the defendant would have been discharged. The forbearance is a condition, precedent which the plaintiff is obliged to aver in suing upon the guaranty. The contract is on the side of the defendant: “If y ou will forbear, I will guaranty:” on the side of the plaintiff, assent *43 to the proposition followed by the actual forbearance. Just as if the defendant had said, “if you will furnish goods to a third person, I will guarantee:” the plaintiff, if he agreed, would not have been bound to furnish the goods at any rate, for refusal would not have been liable to the third person, and at the suit of the defendant would only have been answerable for the damages occasioned to the defendant by the breach:—yet, if the plaintiff had furnished the goods, the defendant would have been liable on his guaranty. This matter is considered and settled in the case of Martin, v. Burn & Veaux, 7 Adol. & Ellis, 19; 34 E. C. L. Rep.
As the case has been made by the verdict, the forbearance was without the request of tire defendant, and without any understanding between the parties; the consideration has not been proved, and the guaranty is nudum pactum.
The motion dismissed.
Evans, J., and Frost, J., concurred.