The opinion of the Court was delivered by
Wardlaw, J.
Eor the reasons of incongruity adverted to
in the report, we will lay out of view the counts which treat Alexander Houston as maker and as indorser, and since the case has been argued only in respect to the consideration of a guarantee, confine ourselves to the count in which he is considered guarantor. The consideration of his guarantee was the plaintiff’s promise to forbear suit against C. B. Houston, followed by actual forbearance of such suit for a reasonable time ; Thomas vs. Croft, 2 Rich. 113; 1 Strob. 42. The jury have found the promise, and under the instructions *336 given to them have established the reasonableness of the forbearance which followed it. '
But, say the defendants, the suit against Alexander Houston was premature, and to that suit should have been referred the inquiry in respect to the reasonableness of the time of forbearance.
The promise of Alexander Houston, however, related to suit against C. B. Houston, not to suit against himself. To be sure the condition precedent — forbearance towards 0. B. Houston for a reasonable time — must have been performed before an action would lie against Alexander Houston; and if Alexander Houston was sued prematurely, the action against him which abated would have failed if it had come tq trial. But failure in an action prematurely commenced does not bar recovery in another action brought after the right has matured. Here nearly three years intervened between Alexander Houston’s promise and the commencement of the action against his executors; and the true question was that which was submitted to the jury: was the time during which forbearance was extended towards C. B. Houston reasonable ?
The defendants object to the order made in equity requiring them to pay the costs of the proceedings had under their bill for discovery. Their case comes under the general rule recognized in McElwee vs. Sutton and Black, 1 Hill, Ch. 33. The exception there approved does not here apply, and the rule is here strengthened by the result, unfavorable to the defendants, had at law after the discovery obtained by them.
The motions are dismissed.
Dunkin, C. J., and Ing-lts, J., concurred.

Motions dismissed.