12969

LOWNDES v. McCABE FERTILIZER CO. *ET AL.*

(154 S. E., 641)

*Mr. H. L. Erckmann,* for appellants,

*Mr. Nath. B. Barnwell,* for respondent, cites:

August 29, 1930.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This action is nominally against the two defendants named, but by reason of the insolvency of the corporation it has become a controversy between the plaintiff, Lowndes, and the personal defendant, McCabe.

The action is upon an alleged guaranty by McCabe, dated June 15, 1923, of an account for salary and advances amounting to $4,377.68 due by the McCabe Fertilizer Company to Lowndes, upon which there has been paid by McCabe the full amount of the principal, in two notes of $2,000 each, which were paid in April and June, 1927, and a check for $377.68 paid July 27, 1927.

The plaintiff's claim is composed entirely of interest and is made up as follows:

| | |
|---|---:|
| June 15, 1923, amount.....................$ | 4,377.68 |
| Interest 7% to April 14, 1927......... | 1,173.59 |
| $ | 5,551.27 |
| Payment ........................ | 2,000.00 |
| $ | 3,551.27 |
| Interest to June 1, 1927................ | 31.76 |
| $ | 3,583.03 |
| Payment ........................ | 2,000.00 |
| $ | 1,583.03 |

Interest to July 27, 1927 ...............         17.52

                                            $   1,600.55
          Payment .......................       377.68

          Balance ....................$   1,222.87

There is an error in the calculation of interest amounting to $26.00, which makes the true balance $1,190.87.

If the plaintiff is entitled to interest, the foregoing statement is correct, and is not amenable to the objection that interest upon interest will be charged; the calculation having been made under the well-known rule of partial payments. The verdict was $1,371.97, an error of $111.35, the correct amount being $1,260.62, a correction which it is now too late to make.

The appeal turns upon the inquiry whether the plaintiff is entitled to the interest as claimed.

There appears to be little controversy as to the facts, which are as follows:

Prior to January 1, 1916, Lowndes had been working with the V. C. C. Co. at a salary of $3,500 per annum; on January 1, 1916, he was employed by McCabe, who was trading individually under the name of McCabe Chemical Company, for a definite period of five years, at a salary of $5,000 per annum, ending December 31, 1920; up to November, 1918, McCabe was operating plants at Charleston, Charlotte, and Macon, manufacturing chemicals for war purposes; the Armistice of November 11, 1918, caused an immediate cessation of war activities, and the plants at Macon and Charlotte were shut down, leaving the plant at Charleston alone to superintend; it appears that it, too, abandoned the manufacture of chemicals, confining its operation to fertilizers; there does not appear to be any question as to the payment of the plaintiff's salary by McCabe as long as the contract of January 1, 1916, expiring December 31, 1920, was of force; upon

the expiration of this contract Lowndes went to work with the McCabe Fertilizer Company, a corporation of which Mc-Cabe was president and practically the sole stockholder; there was no agreement, written or otherwise, with reference to the salary which Lowndes was to receive from the McCabe Fertilizer Company, no mention of the subject; it appears, however, that Lowndes was paid at the rate of his former salary, $5,000, from January 1, 1921, to July 1, 1921; at that time the McCabe Fertilizer Company was in financial straits and made no payments to Lowndes; he continued to work for the McCabe Fertilizer Company until July 1, 1922, and his claim is based upon that service at the salary rate that McCabe had individually promised him under the 1916–1920 contract; nothing was paid to him upon his claim from 1922 to some time in 1923, except $1,000 paid to him by McCabe, Lowndes in the meantime having advanced $377.68 for the pay roll of the McCabe Fertilizer Company.

In the spring of 1923, Lowndes presented to McCabe a statement of his claim against the McCabe Fertilizer Company, as follows:

| | |
|---|---:|
| Salary unpaid from July 1, 1921, to July 1, 1922 ............................$ | 5,000.00 |
| Cash advanced for pay roll ................. | 377.68 |
| | $ 5,377.68 |
| Cash from McCabe ......................$ | 1,000.00 |
| | $ 4,377.68 |

McCabe held the statement for some days, and on June 15, 1923, wrote Lowndes:

"I have your memorandum which shows that the McCabe Fertilizer Co. is indebted to you for $4,377.68, which I agree to pay you in case the McCabe Fertilizer Co. is unable to do so.

"I am sorry that I should have overlooked this matter, but I have just come across the memorandum."

There was nothing upon the face of the alleged guaranty indicating any consideration for it and no parol evidence of extended credit or forbearance to sue or other consideration.

On January 14, 1927, the McCabe Fertilizer Company transmitted to Lowndes two notes to be applied when paid to the balance of $4,377.68, one due April 14, 1927, and the other June 1, 1927. These notes were paid at or about maturity. Later the corporation transmitted a check to Lowndes dated July 27, 1927, for $377.68 with a memorandum on its face: ":Balance due on salary a/c." This memorandum Lowndes cancelled and collected the check.

The case was tried by his Honor, Judge Wilson, and a jury. The defendants moved for a nonsuit and for a directed verdict upon the following grounds:

"As to McCabe Fertilizer Company:

"1. That the testimony shows that the account of plaintiff has never been stated to McCabe Fertilizer Company or admitted to be due by it and therefore the amount claimed by plaintiff to be due bore no interest, and has been paid in full.

"As to W. G. McCabe:

"1. That the promise of defendant to plaintiff in his personal letter to plaintiff dated 15th day of June, 1923, was without legal consideration and cannot be enforced in this case.

"2. That the alleged guarantee by W. G. McCabe did not provide for interest, but only for a definite sum to be paid in case the McCabe Fertilizer Company is unable to do so and it has not been determined yet that the McCabe Fertilizer Company is unable to pay any lawful claim of plaintiff.

"3. That the evidence shows that the sum of $4.377.68 referred to in the said so-called guaranty has been paid in full."

The motions were refused. The jury returned a verdict in favor of the plaintiff for $1,371.97, and from the judgment entered thereon the defendants have appealed.

A short time before June 15, 1923, the plaintiff furnished to McCabe, the president of the McCabe Fertilizer Company, a statement of his account against the company amounting to a balance of $4,377.68; the president was the proper person to whom the statement should be furnished. His reply of June 15, 1923, is to the effect: "I have your memorandum which *shows that the McCabe Fertilizer Company is indebted to you for $4,377.68.*" It clearly was such an acknowledgment as constituted the statement an account stated; it would have been an account stated if McCabe, the president to whom it was rendered, had made no reply; and as such it bore interest from the date of the acknowledgment, June 15, 1923, so far certainly as the corporation was concerned. It becomes unnecessary, therefore, to consider the constitutionality of Section 4273 of the Code 1922, Voulme 3.

The troublesome question, however, is whether there is sufficient consideration shown to sustain the guaranty of McCabe, personally.

There is no question but that the debt was that of the corporation; the plaintiff sues upon the guaranty of McCabe admitting that this is true, and alleges that the debt was that of the company.

The plaintiff recognizes the necessity of establishing a consideration for the guaranty, for he alleges in paragraph 3 of the complaint:

"That thereupon (that is after the contracting of the debt by the corporation), the defendant, W. Gordon McCabe, for and in consideration of the continued indulgence and forbearance of the plaintiff to require immediate payment or to seek his legal remedy against the defendant, McCabe Fertilizer Company, undertook and agreed in and by the writing hereto annexed and marked Exhibit 'A' and hereby made a part and parcel hereof, as if fully set out herein, to become guarantor for the defendant as to the indebtedness due plaintiff by the defendant corporation, as aforesaid."

As a matter of fact, the debt was created between July 1, 1921, and July 1, 1922; the guaranty letter was dated June 15, 1923, nearly a year thereafter; it was requisite therefore that a consideration therefor be shown. The paper does not do so, and there is no evidence tending to show a promise of "continued indulgence and forbearance," as alleged in the complaint. Lowndes admits that the corporation was then insolvent and supports his admission by the persuasive argument that he had to lend it money for its pay roll. There was no inducement for him to grant indulgence to the corporation and nothing for him to lose in doing so. He appears to have relied solely upon the assumed validity of a promise without any consideration whatsoever.

In 28 C. J., 914, it is said:

"As in the case of other contracts, it is essential to a valid contract of guaranty that it be based upon a sufficient legal consideration; if there is not either a benefit to the principal obligor or to the guarantor on the one hand, or some detriment to the guarantee on the other, the contract will fail for want of a consideration; a mere naked promise to pay the existing debt of another without any consideration for such promise is void."

In 2 Daniel Neg. Inst. (3d Ed.), § 1759, it is said that there are three classes of cases which should be discriminated:

"(1) When the guaranty is contemporaneous with the principal contract. (2) When the guaranty is made after the contract is completed and is not for the benefit of the guarantor. (3) When the guaranty is made after the contract is completed and is for the benefit of the guarantor. In the first class, the consideration of the principal contract will support the guaranty. In the second class, the original consideration being exhausted, there must be some new and sufficient consideration to support it. In the third class, the consideration moves directly to the guarantor for his own benefit, and is really his own debt."

In Section 1760 of the 5th Edition the author says:

"When the guaranty is made after the contract is completed, and is not for the benefit of the guarantor, in such case the original consideration being exhausted, there must be some new and sufficient consideration to support it, otherwise it will be void. And when it is shown that the guaranty was made after the completion of the note or other contract, there is no presumption of consideration, but the contrary; and the plaintiff must prove a new and express consideration in order to enforce it." Citing *Howe v. Merrill,* 5 Cush. (Mass.), 80; *Tenney v. Prince,* 4 Pick. (Mass.), 385, 16 Am. Dec., 347; *Williams v. Williams,* 67 Mo., 667; *Green v. Shepherd,* 5 Allen (Mass.), 589; *Klein v. Currier,* 14 Ill., 237; *Parkhurst v. Vail,* 73 Ill., 343; *Johnston v. McDonald,* 41 S. C., 81, 19 S. E., 65.

In *Thomas v. Croft,* 2 Rich., 113, 44 Am. Dec., 279, the point discussed was whether the promise of forbearance should be for a definite time. The Court held that such was not essential, but in the case it was held that the guarantor had agreed generally to forbear suit and actually did so; that this complied with the rule.

In *McCelvy v. Noble,* 13 Rich., 330, the Court said:

"The consideration of his guarantee was the plaintiff's promise to forbear suit * * * followed by actual forbearance of such suit for a reasonable time; *Thomas v. Croft,* 2 Rich., 113, 44 Am. Dec., 279; (*Thomas v. Croft*), 1 Strob., 42. The jury had found the promise, and under the instructions given to them have established the reasonableness of the forbearance which followed it."

In *Thomas v. Croft,* 1 Strob., 40, it was held, quoting syllabus:

"To sustain an action against one as the guarantor of a bond, in consideration of forbearance to sue, it is necessary to prove the original agreement between the parties, the one to guaranty, if the other would forbear, as well as to aver,

and prove the subsequent actual forbearance, as a performance of the condition precedent."

In *Pelzer v. Campbell,* 15 S. C., 581, 40 Am. Rep., 705, the Court quoted from Brandt on Surety as follows:

"An agreement on the part of the creditor to extend the time of payment to the principal for a definite time, is a sufficient consideration for the contract of suretyship or guaranty—the one agreement being a consideration for the other —and the delay usually operating both as a benefit to the principal and a detriment to the creditor."

See, also, *Duncan v. Heller,* 13 S. C., 94.

In note 105 Am. St. Rep., 509, Judge Freeman says:

"But if a guaranty is so long subsequent to the execution of the contract guaranteed that it cannot be said to be a part of the original transaction, the consideration for the principal contract will not support the guaranty. In such a case there must be a new and independent consideration." Citing many cases.

In 12 R. C. L., 1076, it is said:

"A contract of guaranty, like other contracts, is not enforceable unless based on a legal consideration, and such a consideration is not found in a mere naked promise to pay the existing debt of another.   *   *   *" Citing many cases.

In *Haynsworth v. Bischoff,* 6 S. C., 159, the Court said:

"It is not pretended that the evidence shows an agreement to forbear for any specific period of time. It was necessary, then, to show an agreement to indulge the debtors generally, attended by actual forbearance for a reasonable time— *Thomas v. Croft,* 2 Rich., 113 (44 Am. Dec., 279). We are satisfied that the evidence does not establish any agreement to forbear that would have prevented the defendants from proceeding at once to sue at law upon the promissory note which was due at the time the mortgage was given to secure it."

In *Johnston v. McDonald,* 41 S. C., 81, 19 S. E., 65, it was held that where a stranger indorsed a note and there was

no showing whether it was done at the time of the execution of the note, it was essential to show, if it was signed thereafter, that there was a valid consideration for his act in order to bind him.

It seems perfectly clear that the plaintiff has failed to show the necessary consideration for the guaranty and that the motion of the defendant, McCabe, should have been granted. For the reason, however, that upon another trial in a new case the plaintiff may perfect his proof, we prefer to direct a nonsuit rather than a verdict for the defendant. The judgment of this Court is that the judgment against the defendant, McCabe Fertilizer Company, be affirmed, that the judgment against the defendant, McCabe, be reversed, and that the case be remanded to the Circuit Court with direction to enter a judgment of nonsuit in favor of said defendant.

MESSRS. JUSTICES BLEASE, STABLER, and CARTER, and MR. ACTING ASSOCIATE JUSTICE C. T. GRAYDON concur.

MR. CHIEF JUSTICE WATTS did not participate.