ALLIED PERSONNEL OF RALEIGH, INC. v. ROBERT F. ALFORD

No. 7410DC923

(Filed 5 March 1975)

1. Contracts § 4— employment agency agreement — consideration

Paper-writing in which defendant authorized plaintiff to act as agent in seeking employment for him and promised to pay for such services as provided by the terms of the writing amounted to a contract since plaintiff impliedly promised to seek an employer for defendant.

2. Cancellation and Rescission of Instruments § 10— employment agency contract — responsibility for fee — absence of fraud

Defendant's contention that he signed a contract with an employment agency because he was told by an employment counselor that the fee payment provision would not apply to him because he wanted a "fee-paid" sales job is insufficient to set aside the contract on the ground of fraud where the contract provided that defendant would be obligated to pay the fee if the employer agreed and then failed to pay it, the contract provided that employment counselors were not authorized to enter into any agreement contrary to the written contract, and there was no evidence that defendant was incapable of understanding the contract or was prevented from reading it.

---

Allied Personnel v. Alford

---

**3. Contracts § 19— novation**

A novation is the substitution of a new contract for an existing valid contract by agreement of the parties, and ordinarily the parties must have intended that the new agreement should be in substitution for and extinguishment of the old.

**4. Contracts § 19— employment agency contract — employer's agreement to pay fee — no novation**

Where an employment agency contract provided that if the employer agreed to pay the agency's service fee but failed to do so, defendant would be obligated to pay it, a subsequent oral agreement by defendant's employer to pay one-half of the agency's fee was consistent with the agency contract and did not replace it, and defendant is liable for the fee upon the employer's refusal to pay any portion of it after defendant quit his job.

ON writ of *certiorari* to review order entered by *Barnette, Judge.* Order entered 7 August 1974 in District Court, WAKE County. Heard in the Court of Appeals 21 January 1975.

Civil action to recover an agency fee along with attorney fees and costs pursuant to a contract calling for plaintiff to act as defendant's agent in securing employment for defendant. In its verified complaint plaintiff alleges that defendant accepted employment provided by plaintiff and that defendant refused to comply with plaintiff's demand for its agency fee.

In a responsive pleading labeled "ANSWER AND THIRD PARTY COMPLAINT", defendant denies that the paper-writing is a contract or promissory note. He alleges that any obligation to plaintiff has been satisfied by his payment of one-half of the fee because plaintiff told him the other half would be paid by Lanier Business Products Company, defendant's prospective employer procured by plaintiff.

The agency contract between plaintiff and defendant states in part:

"If I ACCEPT employment offered me by an employer as a result of a lead from you within twelve (12) months of such lead, even though it may not be the position originally discussed with you, I will be obligated to pay you as per the terms of this contract.

If I voluntarily leave, fail to report for work with or without cause, or lose the employment through my own fault, I agree to pay the full service charge.

If the employer agrees to pay the service fee, but fails to pay the fee, I understand and agree that I am responsible and obligated to pay said service fee within thirty days following official notice from the agency that the service fee is due and payable.

\*　\*　\*

I understand that Employment counselors are not authorized to enter into any agreement contrary to the terms of this contract (copy available upon request) without approval, in writing, by the Manager.

Accepted for the Agency Allied
Personnel, Inc., of Ral., N. C.
By: s Julie A Meyer
Date: 10-1-73

I have read, thoroughly understand and subscribe to the foregoing provisions. (Signed) Robert F. Alford

### NOTICE

The above document constitutes the entire contract of agreement between the Agency and the job applicant whose signature appears above, and nothing below the line following this notice, or on the reverse side of this document shall be in any way construed by the parties hereto as part of, amendatory to, or supplemental to the aforesaid agreement."

Plaintiff moved for summary judgment, and the trial court, being of the opinion that there was no genuine issue of material fact and that plaintiff was entitled to judgment as a matter of law, entered summary judgment in favor of plaintiff. Defendant appealed.

*Theodore A. Nodell, Jr., for plaintiff appellee.*

*John H. Parker, for defendant appellant.*

MARTIN, Judge.

Since in the present case plaintiff's verified complaint and the written contract, standing alone, would have entitled plaintiff to summary judgment, it was encumbent upon defendant to come forward with materials showing a genuine issue for trial or to provide an excuse for not doing so. *See Pridgen v. Hughes,* 9 N.C. App. 635, 177 S.E. 2d 425 (1970).

**[1]**  First, defendant argues that the paper-writing did not amount to a contract. We disagree. Defendant expressly authorized plaintiff to act as agent in seeking employment for him and promised to pay for such services as provided by the terms of the writing. Plaintiff impliedly promised to seek an employer for him. A contract was thereby formed, and the terms contained therein became enforceable. *See* 1, Corbin, Contracts, § 144 (1963).

**[2]**  Even if a written contract was formed, defendant argues, then it was ineffective either due to fraud on the part of plaintiff or because a subsequent oral contract replaced it. Defendant's affidavit shows that he went to the office of plaintiff to seek aid in finding employment. A portion of the affidavit reads:

> "One Julie Heyne, an employee of 'Allied', then discussed with him the type of job he was seeking and he told her, among other things, that he wanted a 'fee paid' sales job; that is one wherein the employment agency's fee is paid by the employer. He was told by Julie Heyne that she would take all the information given to her by him and when she found for him the kind of job that he was looking for, to wit, a 'fee paid' sales job, she would contact him. At this time Robert Alford was handed by Julie Heyne a paper writing which she told him he must sign if he wanted 'Allied's' assistance and she pointed out to him specifically that according to the document he would 'not be obligated to accept any employment' that was suggested or referred to him by 'Allied' and that he was 'not obligated to pay any fees to the agency until' he was 'offered employment and accepted the same;' to which Robert Alford replied that he was seeking a 'fee paid' job and not one where he paid the fee. Julie Heyne told him that he must sign the document as it was but not to 'worry' about this provision relating to a fee because if the job 'Allied' procured for him was fee paid this provision would not apply. He then signed the alleged 'Contract of Employment' . . . . "

Defendant contends he signed the paper-writing because he was told the fee payment provision would not apply to him.

"An essential element of actionable fraud is that the party to whom the alleged false and fraudulent representation is made must reasonably rely thereon and be deceived thereby to his injury." *Products Corporation v. Chestnutt,* 252 N.C. 269, 113

S.E. 2d 587 (1960). The contract which defendant signed provides that if the employer agrees to pay the service fee and fails to do so then defendant is obligated to pay the same. In addition, it provides that employment counselors are not authorized to enter into any agreement contrary to the terms of the written contract. There is no evidence that defendant was incapable of understanding the contract, or that plaintiff's conduct was of such a type as to deceive a person of ordinary prudence, or that any device was used to prevent defendant from reading the contract. Defendant has not shown a triable issue of material fact regarding fraud.

[3, 4]   Nor was it sufficiently shown than an oral agreement was formed in substitution of the earlier written contract whereby Lanier Business Products was accountable for part or all of plaintiff's fee in place of defendant. A novation is generally described as the substitution of a new contract for an existing valid contract by agreement of the parties, and ordinarily the parties must have intended that the new agreement should be in substitution for and extinguishment of the old. *Electric Co. v. Housing, Inc.*, 23 N.C. App. 510, 209 S.E. 2d 297 (1974) ; 2 Strong, N. C. Index 2d, Contracts, § 19. In the present case the written contract provides that if the employer (in this case, Lanier Business Products) agrees to pay the employment agency's service fee but fails to do so, then defendant shall be obligated to pay it. The subsequent oral agreement whereby Lanier Business Products agreed to pay all or part of plaintiff's service fee is not inconsistent with the written contract in question. On the contrary, it was provided for in the written contract. According to defendant's affidavit, defendant, believing that he had been misled regarding the terms of his employment with Lanier Business Products, informed "Lanier" on 17 October 1973 that he no longer wished to work for them. Thereafter, he received from "Allied" a letter, dated 30 October 1973, stating that Lanier Business Products was not going to pay its one-half of the employment fee to "Allied" as agreed and demanding payment of the remaining one-half from defendant. Plaintiff's letter of 30 October 1973 was made part of the record on appeal and indicated that plaintiff was looking to defendant for payment because "[a]ccording to the terms of the contract, the applicant agrees to pay our service fee in the event the company fails to do so." In our opinion no triable issue of material fact was presented concerning novation.

We find no issue of credibility presented and conclude that the trial court correctly entered summary judgment in favor of plaintiff.

Affirmed.

Judges VAUGHN and ARNOLD concur.