CAROLINA EASTERN, INC. v. BENSON AGRI SUPPLY, INC., DONALD PARKER, EXECUTOR OF THE ESTATE OF WILLIAM MICHAEL MATTHEWS, DECEASED, AND JANET J. MATTHEWS

No. 8311SC13

(Filed 17 January 1984)

Guaranty § 1— guaranty agreement—no consideration—directed verdict for defendant proper

In an action based on a guaranty agreement, the trial court properly granted a directed verdict in defendant-guarantors' favor where there was no evidence of consideration supporting the guaranty agreement. The guaranty contract stipulated that the consideration was plaintiff's extension of credit to defendant corporation for goods sold; however, plaintiff did not sell any goods nor extend any credit to defendant corporation after the guaranty contracts were executed.

APPEAL by plaintiff from *Bowen, Judge.* Judgment entered 12 October 1982. Heard in the Court of Appeals 30 November 1983.

The question in this case concerns defendants' liability as the alleged guarantors of a debt owed plaintiff. The trial court directed a verdict in favor of defendants and plaintiff appeals.

The pertinent facts are: Between December 1977 and December 1979, defendant, Benson Agri Supply Company, a North Carolina Corporation, purchased agricultural materials on credit from plaintiff, a South Carolina corporation. Defendant corpora-

Carolina Eastern, Inc. v. Benson Agri Supply

tion made several payments; however, on 28 January 1980, it still owed plaintiff a balance of $33,580.76.

On 28 January 1980 and on 1 March 1980, defendants, W. M. Matthews, now deceased, and Janet J. Matthews signed identical guaranty agreements, which stated in pertinent part:

> In consideration of Carolina Eastern, Inc. (herein called "SELLER") extending credit to Benson Agri Supply of Benson, North Carolina (herein called "Purchaser") for goods that have been or may be sold by SELLER to the Purchaser, or entering into contracts (as hereinafter set forth) with Purchaser, the undersigned, and each of them, jointly and severally, unconditionally guarantee to SELLER the payment of the purchase price as and when the same is or becomes due for all goods for which credit has been or is so given together with any interest thereon, and also the payment on their respective due dates of any notes or other obligations which have or may be given by Purchaser . . .

After the guaranty agreements were executed, defendant corporation made no further payments to plaintiff and plaintiff extended no further credit to defendant corporation.

On 3 April 1981, plaintiff instituted action against the debtor corporation and defendants as guarantors. Proceedings against defendant corporation were subsequently suspended after it filed a petition under Chapter Eleven of the Federal Bankruptcy Code.

On 11 June 1982, the executor of the estate of W. M. Matthews was substituted as defendant for W. M. Matthews.

On 12 October 1982, after hearing plaintiff's evidence, the trial court denied plaintiff's motion for a directed verdict and granted defendants' motion for a directed verdict.

The guaranty agreements stipulated that they would be governed by the laws of South Carolina. It is our duty, therefore, to apply the substantive law of South Carolina.

*Harris, Cheshire, Leager & Southern, by Samuel R. Leager, for the plaintiff appellant.*

*Clifton & Singer, by Benjamin F. Clifton, Jr., for defendant appellees.*

VAUGHN, Chief Judge.

Defendants' motion for a directed verdict tests the legal sufficiency of plaintiff's evidence to take the case to the jury and support a verdict for plaintiff. *Wallace v. Evans*, 60 N.C. App. 145, 298 S.E. 2d 193 (1982). A directed verdict, thus, is proper when plaintiff's evidence is insufficient to establish a valid contract. *See, e.g., Stewart v. Insurance Co.*, 20 N.C. App. 25, 200 S.E. 2d 434 (1973), *cert. denied*, 284 N.C. 623, 202 S.E. 2d 278 (1974). Since consideration is essential to a valid guaranty contract and since we find no evidence of consideration supporting the guaranty agreements hereunder, we hold that the trial court was correct in granting defendants' motion for a directed verdict.

A guaranty contract is supported by sufficient consideration if it is based on a benefit passing to the guarantor or a detriment to the guarantee. *Lowndes v. McCabe Fertilizer Co.*, 157 S.C. 371, 154 S.E. 641 (1930). When the guaranty, as in this case, involves a pre-existing debt, it must be supported by some new consideration other than the original debt. *Id.* Plaintiff contends that the guaranty contracts were supported by consideration in the form of plaintiff's forbearance to sue until 3 April 1981, almost fourteen months after the execution of said guaranty contracts. We find no merit in plaintiff's contention.

The guaranty contracts stipulated that the consideration therefore was plaintiff's extension of credit to defendant corporation for goods sold. Plaintiff, however, did not sell any goods nor extend any credit to defendant corporation after the guaranty contracts were executed. Defendants received no benefit; plaintiff suffered no detriment. Plaintiff contends, nevertheless, that it extended credit and, therefore, consideration by its forbearance to sue. We disagree. The contract terms regarding consideration were clear and unambiguous. We are, therefore, powerless to interpolate into the contract the condition or stipulation that "credit" included plaintiff's willing forbearance to sue. *Proffitt v. Sitton*, 244 S.C. 206, 136 S.E. 2d 257 (1964).

Although forbearance may constitute valid legal consideration, it must be based on a promise to forbear made at.the time of the parties' contract. *Duncan & Shumate v. Heller*, 13 S.C. 94 (1879); *McCelvy v. Noble*, 47 S.C.L. 330 (1866); *Thomas v. Croft*, 32 S.C.L. 40 (1846). Plaintiff hereunder presented no evidence of an

agreement that would have prevented plaintiff from bringing suit earlier. It is incumbent upon plaintiff to prove the consideration supporting a guaranty contract for a pre-existing debt; the law does not presume such consideration. *Lowndes v. McCabe Fertilizer Co., supra.* Plaintiff, not having proved any agreement to forbear, failed to prove the consideration essential to the underlying contract. A directed verdict, therefore, in defendants' favor was entirely proper.

At trial, the court sustained defendants' objection when plaintiff's witness was asked why plaintiff waited so long to bring suit. Plaintiff contends that the trial court erred in excluding such testimony. The Record shows that the witness would have testified that plaintiff waited to sue

> (b)ecause our company had a very long standing relationship with Mr. Matthews, and, of course, we had tried to work with them any way we possibly could to, not only for our benefit of the debt but hopefully, you know, to work with them in the future and we did not begin legal action because we were relying on their guaranty to protect the old debt.

We agree with plaintiff that the excluded testimony was competent and should have been admitted. Nevertheless, its exclusion was harmless error. The excluded testimony did not infer any agreement to forbear made by plaintiff at the time the guaranty contracts were executed. It did not establish the necessary element of consideration to show the contracts' validity and change the results at trial.

Affirmed.

Judges HILL and BECTON concur.